**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| JAMES LEE WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.1:14-cv-1914-LJM-MPB |
| ) | |
| DR. DOMINIC J. MAGA, ) | |
| ) | |
| Defendant. ) | |

**Entry Denying Defendant's Motion for Summary Judgment
and Directing Further Proceedings**

For the reasons explained in this Entry, the defendant's motion for summary judgment [dkt. 62] is **denied.**

### I.   Background

The plaintiff in this 42 U.S.C. § 1983 civil rights action is James Lee White ("Mr. White"). The defendant is Dr. Dominic J. Maga ("Dr. Maga"). Mr. White alleges that at the time Dr. Maga was a staff physician at Fayette County Jail ("the Jail"), Dr. Maga testified in court that Mr. White did not need his CPAP machine for sleep apnea while he was incarcerated. Complaint, dkt. 1. This caused Mr. White not to achieve stage 2 sleep and resulted in him being in a perpetual state of sleeplessness. *Id.* He seeks compensatory damages for the 433 day period he was made to sleep without his CPAP machine. *Id.* In liberally construing the complaint, the Court allowed the claim to proceed on a theory of deliberate indifference to a serious medical need. Dkt. 8.

Dr. Maga seeks resolution of Mr. White's claim through the entry of summary judgment based on the affirmative defense that the statute of limitations bars his claim. Mr. White has not responded to the motion for summary judgment.

## II. Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

As noted, Mr. White has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## III. Discussion

### A. Undisputed Facts

The following facts are undisputed for purposes of the motion for summary judgment in accordance with Rule 56(c)(1).

Mr. White was a criminal defendant in Fayette Circuit Court on October 22, 2012. On that date, he filed a motion to compel medical treatment while he was confined at the Jail. A hearing was conducted on November 16, 2012, during which Dr. Maga testified. The court denied Mr. White's motion and entered an order that same day. The court ruled that Mr. White was receiving adequate treatment for his medical condition and that no additional care was required. Mr. White was therefore denied the use of his CPAP machine for the remainder of the time he was confined at the Jail.

Mr. White's complaint in this action was signed on November 12, 2014, and was filed on November 19, 2014. He provided his complaint to jail personnel for mailing on November 18, 2014. Dkt. 66-1; dkt. 1-1; dkt. 2-2.

**B. Applicable Law**

The statute of limitations for a section 1983 claim in Indiana is two years. *Serino v. Hensley,* 735 F.3d 588, 590 (7th Cir. 2013). "A section 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 591. In determining the accrual of a claim, a court must first "identify the injury" and then "determine the date on which the plaintiff could have sued for that injury." *Savory v. Lyons,* 469 F.3d 667, 672 (7th Cir. 2006).

The prison mailbox rule, which generally allows a prisoner filing to be deemed filed at the time it is placed in the prison mail system, "applies to all district-court filings save for 'exceptional situation[s].'" *Taylor v. Brown,* 787 F.3d 851, 859 (7th Cir. 2015) (quoting *Edwards v. United States,* 266 F.3d 756, 758 (7th Cir. 2001)); *see also Hurlow v. United States,* 726 F.3d 958, 962 (7th Cir. 2013) (citing *Houston v. Lack,* 487 U.S. 266, 275-76 (1988)) (mailbox rule was originally applied to notices of appeal).

### C. Analysis

Dr. Maga argues that this action was not timely filed. Applying the prison mailbox rule, Mr. White's complaint is deemed to have been filed on November 18, 2014, the date it was placed in the prison mail system.

Dr. Maga argues that the injury alleged in this case was his testimony on November 16, 2012, which resulted in the Fayette Circuit Court's denial of a motion for medical care on that same day. This would mean that Mr. White's complaint was filed two days late. Although in his complaint Mr. White does focus on Dr. Maga's testimony in court and how that determination prevented him from using his CPAP machine, it is clear from the complaint that Mr. White was denied the use of the CPAP machine longer than on that one day, November 16, 2012. As reflected in the chronological case summary for the Fayette County criminal case, Mr. White was not sentenced until January 18, 2013. Dkt. 64-4. He seeks damages for a period of 433 days that he was "made to sleep without my CPAP." Complaint, dkt. 1, p. 6. Accordingly, the alleged injury was not confined to the single day of November 16, 2012, and is alleged to be ongoing.

Therefore, the statute of limitations did not expire on November 16, 2014, and the complaint is not barred by the two year statute of limitations.

For the reasons explained above, the defendant's motion for summary judgment [dkt. 62] is **denied.**

### IV. Further Proceedings

As stated in the Entry of October 14, 2015, "the Court [will] look favorably on allowing the defendant to file a subsequent dispositive motion on the merits if that

becomes necessary." Dkt. 56, Part II.  The discovery deadline remains **April 26, 2016,** and the deadline for any additional dispositive motion is **May 26, 2016.**

In addition, the plaintiff shall **serve on counsel** for the defendant **on or before March 1, 2016,** his written settlement demand, explaining on what terms or amount of money he would agree to resolve this case without further litigation. The defendant must respond to the plaintiff in writing within 14 days. Neither the plaintiff's demand nor the defendant's response shall be filed with the Court.

If the parties are willing to participate in a court assisted settlement conference before any further motion for summary judgment is filed, they shall **report that willingness not later than March 21, 2016.**

The clerk shall send a copy of this Entry to Mr. White's mother at the address listed below.

**IT IS SO ORDERED.**

Date: 02/11/2016

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

James Lee White
716869
Hocking Correctional Institute
Inmate Mail/Parcels
P. O. Box 59
16759 Snake Hollow Road
Nelsonville, OH  45764

James Lee White
c/o Mrs. White
19 Delaware Dr.
Chillicothe, OH 45601